UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
In re: EPHEDRA PRODUCTS LIABILITY          :   04 M.D. 1598 (JSR)
LITIGATION                                 :
                                           :
------------------------------------------X
PERTAINS TO ALL CASES

<u>STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO. 14)</u>

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on June 2, 2005, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. The July status conference will be held, as previously scheduled, on Thursday, July 7, 2005, at 4:30 p.m.

2. Very shortly before the June status conference, plaintiffs in *Kline v. Metabolife*, No. 04 Civ. 3351, and *Westfall v. Metabolife*, No. 04 Civ. 4255, submitted a purported "Notice of Withdrawal of Plaintiffs Motion for Preliminary Approval of Class Action Settlement." The grounds alleged for this untimely purported withdrawal, filed without proper Court permission, was that Metabolife had announced its intention to file a petition in bankruptcy. At the June status conference, however, Metabolife's counsel represented that no final decision had been reached as to whether to file for bankruptcy and that, in any event, no such filing was imminent. (Indeed, as of today, it has not occurred.)

1


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-24-05

Moreover, the underlying motion had been fully briefed and argued months earlier, and, at the prior status conference in May, 2005 the Court had announced that it had reached a decision on the motion and was prepared to render it then from the bench. However, various parties prevailed on the Court, without objection by any party, to withhold rendering its decision until the June status conference, on the ground that a brief delay would help improve the prospects for the success of an ongoing mediation. Given these circumstances, the untimely purported withdrawal of the motion just prior to the June status conference was nothing but gamesmanship and is hereby rejected. As for the underlying motion for certification of a Metabolife settlement-only class and for preliminary approval of the proposed settlement, that motion is denied. A separate order has already been entered to that effect, and a Memorandum setting forth the reasons for this determination will issue in due course.

3. At the June status conference, the Court announced that it had reached a decision on the motion by the Defendants' Coordinating Counsel (the "DCC") to exclude under Rule 702 Fed. R. Evid. the opinions of "generic experts" designated by the Plaintiffs' Coordinating Counsel (the "PCC"). The Court summarized its principal holdings as follows: The PCC's experts shall not be permitted to testify with "medical certainty" or "scientific certainty" that ephedra caused the alleged injuries.

However, they will be permitted to testify (if otherwise admissible under applicable state and federal law) that ephedra may be a contributing cause of stroke, cardiac injury, and seizure in some people.  A Memorandum Order further detailing and elaborating on these rulings and including other holdings, such as more particularized rulings on the opinions offered by Dr. James Knochel and Dr. Kristie L. Ebi, will be filed in due course.

    4.   The dates established by previous Case Management Orders are changed to the following:

|  | **Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures** | **Deadline for Defendants to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiffs' Case-Specific Experts** | **Deadline for Discovery of Defendants' Case-Specific Experts** | **Deadline to file *Daubert* Motions regarding case-specific experts** |
|---|---|---|---|---|
| **Original MDL Cases and "Twinlab cases"** | August 8, 2005 | October 7, 2005 | December 12, 2005 | December 26, 2005 |
| **CTO-1 Cases** | September 9, 2005 | November 9, 2005 | January 9, 2006 | January 23, 2006 |
| **CTO-2 Cases** | October 7, 2005 | December 12, 2005 | February 10, 2006 | February 27, 2006 |
| **CTO-3 Cases** | November 9, 2005 | January 9, 2006 | March 9, 2006 | March 23, 2006 |
| **CTO-4 Cases** | December 12, 2005 | February 10, 2006 | April 11, 2006 | April 27, 2006 |
| **CTO-5 Cases and later MDL cases** | One year and 60 days after "Notice of Transfer" | One year and 120 days after "Notice of Transfer" | One year and 180 days after "Notice of Transfer" | One year and 195 days after "Notice of Transfer" |
| **TL "Subsequent Cases" and SDNY Cases** | One year and 60 days after the Filing Date | One year and 120 days after the Filing Date | One year and 180 days after the Filing Date | One year and 195 days after the Filing Date |

The stay ordered in ¶ 3 of Case Management Order No. 13 is hereby vacated except for the following provisions, which shall apply

not only to MDL cases but also to Twinlabs cases: (1) no party shall be required to respond to discovery or file any responsive paper before July 14, 2005; (2) the parties may serve at any time notices of depositions to be held and discovery requests to be answered, after July 13; and (3) case-specific depositions may be held before July 14 only upon consent of all parties who have appeared in the individual action or upon a ruling of the Special Master.

SO ORDERED.

                                                                                          _____
                                                                    JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
      June 23, 2005