UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
In re: EPHEDRA PRODUCTS LIABILITY          :   04 M.D. 1598 (JSR)
LITIGATION                                 :
                                           :
------------------------------------------X
PERTAINS TO ALL CASES

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.15)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on July 7, 2005, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. Notwithstanding § III.A of Case Management Order No. 1, the next status conference shall be held at 4:30 p.m. on <u>August 4, 2005</u>.

2. On July 5, the Special Master sent counsel involved in the Metabolife cases a notice that there would be a "discussion of the effect of the Metabolife bankruptcy on the MDL" at the July status conference. In response, he received an e-mail from Debra A. Riley, Esq., Metabolife's bankruptcy counsel, stating that Metabolife would not participate in the status conference because of the automatic stay. Since the Court is unaware of any provision of the automatic stay that relieves those counsel for Metabolife who were previously admitted to practice before the Court from appearing in this Court to respond to the Court's

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-21-05

inquiries as to the status and effect of the proceedings in the Metabolife bankruptcy that impact or relate to the MDL proceedings before the Court, the Court directs the Special Master to e-mail Metabolife's counsel to ask whether they will make themselves available at future MDL status conferences for this limited purposes or, if not, to state their legal authority for refusing.

3. TL's motion to dismiss with prejudice all claims against TL and all claims against other defendants based on products manufactured by TL in *Gyani v. Metabolife International Inc.* et al., No. 05 Civ. 2367, is granted as unopposed.

4. Upon TL's application under the Bankruptcy Code and Rules, TL is hereby authorized and directed to pay its allocated share of the fees and expenses incurred heretofore and hereafter by Defendants' Liaison Counsel. The previously ordered partial withdrawal of the bankruptcy reference of TL's chapter 11 cases is broadened to the extent necessary to authorize and effectuate this Order.

5. Nitro 2 Go Inc.'s motion in *Pierce v. Twin Laboratories Inc.* et al., 03 Civ. 9260, for a judicial finding that the settlement between plaintiff and Nitro was made in good faith is denied as moot, arguably unconstitutional, and, in any event, improvident. Before Nitro made this motion, the Special Master pointed out its problematic nature to Nitro's California counsel

and urged Nitro to accomplish its purpose without a motion by obtaining the parties' agreement to appropriate settlement documents. Even though the suggested settlement documents were thereafter executed, Nitro nevertheless made the motion, thereby requiring the Court to ask the Special Master to conduct several hours of research and inquiry. That research revealed that California state court procedure invoked by Nitro is inapplicable in federal court; that the release in question is governed not by California substantive law but by N.Y. Gen. Obg. L. § 15-108, which (as Nitro's counsel acknowledged at oral argument) protects Nitro from contribution claims without need for any judicial finding; and that Nitro's attempt by motion to foreclose potential contribution rights of persons who had no notice or opportunity to be heard was inconsistent with due process. Accordingly, not only is the motion denied but also Nitro's counsel is directed to pay the Special Master $1,350 for the 5.4 hours the Special Master was obligated to spend in inquiring into this ill-advised motion for the Court.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 19, 2005