UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
In re: EPHEDRA PRODUCTS LIABILITY         :   04 M.D. 1598 (JSR)
LITIGATION                                :
                                          :
                                          :
------------------------------------------X
PERTAINS TO ALL CASES

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.16)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on August 4, 2005, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. As previously ordered, the next status conference shall be held at 4:30 pm on September 1, 2005. There will, however, be a hearing on August 18, 2005 at 2:30 pm on the issue of the proposed 60-day stay in order to permit mediation of Metabolife-related cases.

2. The motion of Pamela Colon, Esq., to withdraw as local counsel for the plaintiff in *Martin v. RS Oldco* et al., No. 05 Civ. 5137, was itself withdrawn with permission of the Court.

3. Metabolife's bankruptcy counsel having already informed the Special Master by e-mail that the Debtors in the Metabolife's Chapter 11 proceeding in San Diego had no objection to this Court's having <u>ex parte</u> communications with Hon. John J. Hargrove, the Bankruptcy Judge presiding over the Metabolife

1


FILED: 8-12-05

bankruptcy case, regarding matters relating to the coordination and interactions of the MDL proceedings and the Metabolife bankruptcy, the Court asked if any party appearing at the status conference objected to such communications. There was no objection. In addition, the Court, upon hearing that still other related proceedings were pending before Judge Ronald Styn of the Superior Court of California, San Diego County, asked if any counsel objected to the Court's having similar <u>ex parte</u> communications with Judge Styn. Again, there was no objection.

4. At the plaintiffs' request, and with consent of Metabolife's bankruptcy counsel by e-mail to the Special Master, the Court shall "so order" stipulations dismissing with prejudice all claims against certain defendants other than Metabolife in the following three cases where Metabolife is a defendant, notwithstanding the absence of Metabolife's signature on the stipulations: *Mark v. Metabolife* et al., No. 04 Civ. 4271; *West v. Metabolife* et al., No. 04 Civ. 4268; and *Wiggins v. Metabolife* et al., No. 04 Civ. 5479.

5. The Court approved allocating the Special Master's fees on a 50%-50% basis between plaintiffs and defendants, both prospectively and retroactively. Plaintiffs' Coordinating Counsel and Defendants Coordinating Counsel, in consultation with the Special Master, shall jointly propose a means of implementation that will provide no more than two payers to be

billed by the Special Master.  The proposed order may require individual plaintiffs and individual defendants to make prompt payments to such payers from time to time as needed to pay common expenses, including the Special Master's fees.

    SO ORDERED.

                                              JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 10, 2005