UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
..........................................................
In re:

EPHEDRA PRODUCTS LIABILITY                04 MD 1598 (JSR)
LITIGATION.

          Debtors.

..........................................................
PERTAINS TO ALL CASES
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-24-05

## STIPULATION AND ORDER

WHEREAS, on June 30, 2005, Metabolife International, Inc. ("Metabolife") and its wholly-owned subsidiary, Alpine Health Products, LLC ("Alpine", collectively with Metabolife, "Metabolife") commenced Chapter 11 cases in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court"), which have been administratively consolidated under Case Number 05-6040-H11 (the "Metabolife Chapter 11 Cases");

WHEREAS, since 1999, Metabolife has faced litigation arising out of alleged injuries related to its ephedra-containing products, primarily Metabolife 356®. Currently, there are approximately 362 ephedra related personal injury and wrongful death civil actions pending nationwide against Metabolife (the "Metabolife Ephedra Litigation Cases"), and there may be additional ephedra related personal injury claims asserted or filed against Metabolife (the Metabolife Ephedra Litigation Cases and any other ephedra related personal injury or wrongful death claims asserted or filed against Metabolife shall be collectively referred to as the "Metabolife Ephedra Litigation Claims");

WHEREAS, approximately 90 of the Metabolife Ephedra Litigation Cases are currently pending in California state courts. These cases have been coordinated by the Judicial Council and are pending in a single proceeding in the Superior Court for the State of California for the County of San Diego, JCCP No. 4360, the Hon. Ronald Styn, presiding (collectively, the

"California JCCP Cases"). In early July 2005, Metabolife caused to be filed a Notice of Stay in the California JCCP Cases, in connection with the proceedings therein against Metabolife. On July 8, 2005, after a noticed, open telephonic hearing at which all parties were invited to participate, and after consulting with liaison counsel for plaintiffs and defendants at that hearing, Judge Styn ordered a 90-day stay on all California JCCP Cases. The next status conference is set for October 14, 2005, at 11:00 a.m.;

WHEREAS, approximately 72 of the Metabolife Ephedra Litigation Cases are pending in various state courts around the country, as well as in a few federal courts other than the Southern District of New York (the venue of the MDL Proceeding as defined below) because of their advanced procedural posture or because they have yet to be transferred to said MDL Proceeding (as defined below) (collectively the "Other Cases"). In early July, Metabolife caused to be filed Notices of Stay in the state and/or federal courts in which each of the Other Cases are pending, as each related to Metabolife. Although these cases have been stayed in connection with proceedings therein against Metabolife pursuant to Section 362 of the Bankruptcy Code, they have not been stayed as to the other defendants;

WHEREAS, the remaining 200 or so Metabolife Ephedra Litigation Cases have been transferred to the United States District Court for the Southern District of New York, the Hon. Jed S. Rakoff, District Judge, presiding (the "District Court"), as part of the In re Ephedra Products Liability Litigation, Case No. 04 MD 1598 (JSR) (the "MDL Proceeding") (the Metabolife Ephedra Litigation Cases in the MDL Proceeding shall be referred to herein as the "Metabolife MDL Cases);

WHEREAS, in early July 2005, in accordance with Section 362 of the Bankruptcy Code, Metabolife caused to be filed a Notice of Stay in the MDL Proceeding in connection with proceedings therein against Metabolife as a defendant in the Metabolife MDL Cases; and

WHEREAS, since the commencement of the Metabolife Chapter 11 Cases, the interested parties in and to the California JCCP Cases, the Other Cases and the Metabolife MDL, Cases-- counsel for Metabolife in the Metabolife Chapter 11 Cases, counsel for and members of the Official Committee of Unsecured Creditors in the Metabolife Chapter 11 Cases (the "Metabolife OCC" ), counsel to the Metabolife Shareholders (the "Shareholders"), counsel representing non-debtor defendants named in Metabolife MDL Cases as well as in the other Metabolife Ephedra Litigation Cases (collectively, the "Non-Debtor Defendants") and counsel representing Metabolife insurers, including but not limited to Investors Insurance Company of America, Evanston Insurance Company, National Union Fire Insurance Company of Pittsburgh and Starr Excess International Insurance Company (collectively, the "Insurers") (Metabolife, the Metabolife OCC, the Shareholders, the Non-Debtor Defendants and the Insurers shall collectively be referred to as the "Interested Parties") -- have conferred with respect to issues raised by the Metabolife Chapter 11 Cases, including but not limited to the impact of the automatic stay of proceedings against Metabolife but not for proceedings against the named Non-Debtor Defendants, and the difficulties this may cause for the resolution of the Metabolife Ephedra Litigation Claims, and the disagreement among the Interested Parties about the relative roles of the Bankruptcy Court and the District Court for the resolution of the Metabolife Ephedra Litigation Claims. In order to avoid unnecessary disputes and expenses, in order to promptly enhance the prospects for obtaining a consensual resolution of the Metabolife Ephedra Litigation Claims without prejudice to any Interested Party's contentions regarding the resolution and litigation of the Metabolife Ephedra Litigation Claims, and for good cause and in good faith, and upon the approval of both the District Court and Bankruptcy Court, the Interested Parties have agreed to stipulate to a ninety (90) day stay of all proceedings with respect to the Metabolife MDL Cases, the California JCCP Cases and the Other Cases (including proceedings against the Non-Debtor Defendants named therein) and to take all reasonable steps necessary to secure such a stay from the District Court and the Bankruptcy Court as the case may be and as provided herein:

1.    The Metabolife MDL Cases, the California JCCP Cases, and the Other Cases (including all proceedings against the Non-Debtor Defendants named therein) shall be stayed by stipulated order or other appropriate order for a period of ninety (90) days from entry of the last such order by the Bankruptcy Court and District Court, unless the stay is otherwise continued by order of both the District Court and the Bankruptcy Court for cause.

2.    To implement the foregoing as it relates particularly to the California JCCP Cases and the Other Cases, Metabolife shall, on or before August 26, 2005, commence an adversary proceeding in the Metabolife Chapter 11 Cases and move pursuant to Section 105 of the Bankruptcy Code and/or any other applicable statute or rule, requesting the Bankruptcy Court to issue a 90-day temporary stay of the Metabolife MDL Cases, the California JCCP Cases and the Other Cases on behalf of and for the benefit of all Non-Debtor Defendants named in the Metabolife Ephedra Litigation Cases as agreed to and under the conditions provided herein. The issuance of any temporary stay by the Bankruptcy Court shall be expressly conditioned on a similar temporary stay being approved and issued by the District Court for the Metabolife MDL Cases.

3.    Contemporaneously with the foregoing, the Interested Parties, collectively, shall also seek from the District Court in the MDL Proceeding, a 90-day temporary stay as to all Non-Debtor Defendants in the Metabolife MDL Cases by submission and District Court approval of this Stipulation and Order or, if necessary, by motion.  The issuance of any temporary stay issued by the District Court as to the Non-Debtor Defendants in the Metabolife MDL Cases shall be expressly conditioned on a similar temporary stay being issued by the Bankruptcy Court in the Metabolife Chapter 11 Cases in the manner set forth in paragraph 2 herein and in accordance with the terms and conditions of this Stipulation and Order. The stays contemplated and described by paragraphs 2 and 3 herein to be issued by the Bankruptcy Court and the District Court are collectively referred to as the "Temporary Stays."

4.      During the pendency of the Temporary Stays, representatives of the Interested Parties shall in good faith enter into negotiations in an attempt to establish and implement processes and procedures regarding a non-litigated methodology for resolution of the Metabolife Ephedra Litigation Claims and the development of the terms of a consensual plan of reorganization/liquidation for Metabolife with respect to all creditors.  The Interested Parties may utilize Professor Greene to conduct any mediation the Interested Parties agree is necessary and appropriate in that regard.  Should the Interested Parties agree to utilize the services of Professor Greene, the representatives of the Interested Parties shall negotiate in good faith their respective responsibilities for the fees and related costs of Professor Greene's services and shall consider whether a cap on such fees is appropriate.  Representatives of the Interested Parties further agree to attend an initial meeting of Interested Parties to be held on or before August 31, 2005 to address the issues set forth above or such other issues or matters as the Interested Parties may deem appropriate.  Metabolife, the Metabolife OCC and a representative of the Retailer Non-Debtor Defendants shall jointly report to the District Court and the Bankruptcy Court regarding these efforts by no later than September 8, 2005 and by the end of each month thereafter so long as the Temporary Stays are in effect.

5.      This Stipulation and Order is not intended to and shall not impair or waive any rights, positions and privileges of the Interested Parties, including but not limited to such rights, positions and privileges that relate to the value and liquidation of disputed, unliquidated claims, and the forum, venue, and jurisdiction where such claims should be liquidated if a consensual agreement is not reached.  Without limitation of the preceding sentence, the Interested Parties agree as to themselves and any other party effected hereby or by the orders of the Bankruptcy Court and the District Court, including all Non-Debtor Defendants in the Metabolife MDL Cases, the California JCCP Cases and the Other Cases, that all statutes of

limitations under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the United States Code (including without limitation 28 U.S.C §§ 157, 1407, 1452) and otherwise relating to the choice of forum, venue or jurisdiction for resolution of the claims are hereby tolled from the date hereof to a date that is fifteen (15) days after the expiration of the Temporary Stays or any extensions thereof. However, nothing in this Stipulation and Order shall be deemed to preclude or stay any Interested Party from filing or opposing any motion, document or appropriate proceeding, based upon any of the foregoing statutes and rules or otherwise, relating to the choice of forum, venue or jurisdiction with respect to any of the Metabolife Ephedra Litigation Cases pending or subsequently commenced.

6.      The Interested Parties agree that neither this Stipulation and Order nor approval of the Temporary Stays by the Bankruptcy Court and the District Court shall be used by any Interested Party or against any Interested Party in any subsequent litigation or negotiation.

Dated: August _____, 2005

METABOLIFE, as Debtors in Possession

By: _____

METABOLIFE, as Debtors In Possession, on behalf of their Insurers with respect to paragraphs 4, 5 and 6

By: _____

METABOLIFE OCC

By: _____

-6-

limitations under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the United States Code (including without limitation 28 U.S.C §§ 157, 1407, 1452) and otherwise relating to the choice of forum, venue or jurisdiction for resolution of the claims are hereby tolled from the date hereof to a date that is fifteen (15) days after the expiration of the Temporary Stays or any extensions thereof.  However, nothing in this Stipulation and Order shall be deemed to preclude or stay any Interested Party from filing or opposing any motion, document or appropriate proceeding, based upon any of the foregoing statutes and rules or otherwise, relating to the choice of forum, venue or jurisdiction with respect to any of the Metabolife Ephedra Litigation Cases pending or subsequently commenced.

6.     The Interested Parties agree that neither this Stipulation and Order nor approval of the Temporary Stays by the Bankruptcy Court and the District Court shall be used by any Interested Party or against any Interested Party in any subsequent litigation or negotiation.

Dated: August _____, 2005

METABOLIFE, as Debtors in Possession

By: _____

METABOLIFE, as Debtors In Possession, on behalf of their Insurers with respect to paragraphs 4, 5 and 6

By: _____

METABOLIFE OCC

By: _____
Dond J. MoRton

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By: _____
    For: WalMart  PAUL B. LA-SCALA  (counsel)

By: _____
    For: Walgreens

By: _____
    For: GNC Oldco  Michael S Etkin (counsel)

By: _____
    For: Albertsons

By: _____
    For: CVS

By: _____
    For: Rite-Aid

By: _____
    For: Target

By: _____
    For: Sears/K-Mart

By: _____
    For: Safeway

By: _____
    For: Chemins

Metabolife Shareholders

By:_____
    For: Michael Ellis, Michael Blevins
    and William Bradley

So Ordered:

NON-DEBTOR DEFENDANT
REPRESENTATIVES

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By: _____
    For:  WalMart

By: _____
    For:  Walgreens

By: _____
    For:  GNC Oldco

By _____
    For:  Albertsons, Inc. and/or its subsidiary
    Corporations.

By: _____
    For:  CVS

By: _____
    For:  Rite-Aid

By: _____
    For:  Target

By: _____
    For:  Sears/K-Mart

By: _____
    For:  Safeway

By: _____
    For:  Chemins

Metabolife Shareholders


By: _____
    For:  Michael Ellis, Michael Blevins
    and William Bradley

So Ordered:


_____
        U.S.D.J.

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
       For: WalMart

By:_____
       For: Walgreens

By:_____
       For: GNC Oldco

By:_____
       For: Albertsons

By:_____
       For: CVS

By:_____
       For: Rite-Aid

By:_____
       For: Target

By:_____
       For: Sears/K-Mart

By:_____
       For: Safeway

By:_____
       For: Chemins

Metabolife Shareholders

By:_____
       For: Michael Ellis, Michael Blevins
       and William Bradley

So Ordered:

_____
         U.S.D.J.

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
    For: WalMart

By:_____
    For: Walgreens

By:_____
    For: GNC Oldco

By: _____
    For: Albertsons

By: _____
    For: CVS

By: _____
    For: Rite-Aid

By: _____
    For: Target

By: _____
    For: Sears/K-Mart

By: _____
    For: Safeway

By: _____
    For: Chemins

Metabolife Shareholders

By:_____
    For: Michael Ellis, Michael Blevins
    and William Bradley

So Ordered:

_____
            U.S.D.J.

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
     For: WalMart

By:_____
     For: Walgreens

By:_____
     For: GNC Oldco

By: _____
     For: Albertsons

By: _____
     For: CVS

By: _____
     For: Rite-Aid

By: _____
     For: Target

By: _____
     For: Sears/K-Mart

By: _____
     For: Safeway

By: _____Lisa Ackley____
     For: Chemins

Metabolife Shareholders

By:_____
     For: Michael Ellis, Michael Blevins
     and William Bradley

So Ordered:

_____
          U.S.D.J.

-7-

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
        For: WalMart

By:_____
        For: Walgreens

By:_____
        For: GNC Oldco

By:_____
        For: Albertsons

By:_____
        For: CVS
Jon-Paul Lapointe, Esquire
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 528-5856
Fax No. (888) 325-9630

By: _____
        For: Rite-Aid

By: _____
        For: Target

By: _____
        For: Sears/K-Mart

By: _____
        For: Safeway

Aug 18 2005 15:10    P.02

NON-DEBTOR DEFENDANT
REPRESENTATIVES

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
      For:  WalMart

By:_____
      For:  Walgreens

By:_____
      For:  GNC Oldco

By:_____
      For:  Albertsons

By:_____
      For:  CVS

By:_____
      For:  Rite-Aid

By:_____
      For:  Target

By:_____
      For:  Sears/K-Mart

By:_____
      For:  Safeway

By:_____
      For:  Chemins

Metabolife Shareholders

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
      For:  WalMart

By:

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
    For: WalMart

By:_____
    For: Walgreens

By:_____
    For: GNC Oldco

By: _____
    For: Albertsons

By:_____
    For: CVS

By: _____
    For: Rite-Aid

By: _____
    For: Target

By: _Matthew C. Joly_, Senior Counsel
    For: Sears/KMart

By: _____
    For: Safeway

By: _____
    For: Chemins

Metabolife Shareholders

By:_____
    For: Michael Ellis, Michael Blevins
    and William Bradley

So Ordered:

NON-DEBTOR DEFENDANT
REPRESENTATIVES

NON-DEBTOR DEFENDANT
REPRESENTATIVES

By:_____
      For:  WalMart

By:_____
      For:  Walgreens

By:_____
      For:  GNC Oldco

By:_____
      For:  Albertsons

By:_____
      For:  CVS

By:_____
      For:  Rite-Aid

By:_____
      For:  Target

By:_____
      For:  Sears/K-Mart

By:_____
      For:  Safeway

By:_____
      For:  Chemins

METABOLIFE SHAREHOLDERS

By:_____
      For:  Michael Ellis, Michael Blevins
      and William Bradley

So Ordered:

_____
           U.S.D.J.

8-23-05

-7-