```
                                        ┌─────────────────────────────┐
                                        │ USDC SDNY                   │
                                        │ DOCUMENT                    │
                                        │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT            │ DOC #: _____ │
SOUTHERN DISTRICT OF NEW YORK           │ DATE FILED: 9-26-05         │
----------------------------------------X └─────────────────────────────┘
                                        :
In re: EPHEDRA PRODUCTS LIABILITY       :       04 M.D. 1598 (JSR)
LITIGATION                              :
                                        :
----------------------------------------X
PERTAINS TO ALL CASES
```

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.17)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on September 8, 2005, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. As previously ordered, the next status conference shall be held at 4:30 pm on October 6, 2005.

2. The unopposed motion of plaintiff in *Miller v. Premier Marketing*, No. 05 Civ. 6685, to amend the complaint and join Nittany Pharmaceuticals Inc. as a defendant, is granted.

3. Upon the unopposed motion of Plaintiffs' Coordinating Counsel (PCC), the third sentence of Case Management Order No. 7 ¶ 2(a) is amended to read: "Two-thirds of the funds received with respect to each individual case shall be paid into the Fee Fund and one-third into the Expense Fund," and the last two sentences of ¶ 2(d) are amended to read: "Plaintiff's counsel shall base any contingency fee on the net amount after deducting the 2% paid into the Expense Fund.  The 4% paid into the Fee Fund shall not

1

reduce the client's recovery and shall satisfy *pro tanto* any obligation of the client for the fees of individual counsel." These amendments shall take effect for all settlements where the Special Master receives a Confidential Breakdown pursuant to Case Management Order No. 7 ¶ 2(d) after the entry of this order.

4. TL Administration shall continue advancing funds to pay the Special Master's monthly bills until the date when it discontinues paying professional fees. TL shall inform the Special Master by e-mail of the discontinuance date promptly after it is determined. After such date, the Court will enter monthly orders for the Special Master's bills to be paid by the Plaintiffs' Common Expense Fund and for defendants to reimburse the Expense Fund the 50% share provided in Case Management Order No. 16 ¶ 5.

5. On August 22, 2005, the PCC filed a motion for approval of $546,566 in expenses to be paid from the Plaintiffs' Common Expense Fund. A schedule of these expenses, attached to the PCC's motion, was served electronically on all parties who have appeared in the consolidated cases, and no party has objected to the scheduled expenses. The Court, having reviewed the schedule and supporting documents subsequently sent to the Special Master at the Court's direction, approves common expenses of the PCC in the following amounts: $228,320.26 in expenses scheduled on pages 1-3 to the exhibit the PCC's motion; $89,800.55 for Dr. Zipes,

2

$67,945.78 for Dr. Knochel, and $4,009.93 for the law firm of

Lopez, Hodes *et al.* as scheduled on page 4; and $168,706.00

payable to TL Administration to reimburse 50% of the Special

Master's monthly bills dated 4/1/04 through 9/1/05.  Approval of

these expenses is without prejudice to the PCC's right to move

for approval of other expenses.  To effect payment of the

approved expenses, the Special Master shall from time to time

submit to the Court proposed orders directing the Clerk to issue

checks according to the availability of funds in the Expense Fund

and the PCC's agreement, approved by the Court, that payments

into the Expense Fund by the Twinlabs Trust shall be retained in

sufficient amount to pay, after Court approval, the expenses

incurred by designated counsel on behalf of the beneficiaries of

the Trust.

        SO ORDERED.

                                        JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       September 26, 2005

3