```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                           :
In re: EPHEDRA PRODUCTS LIABILITY          :    04 M.D. 1598 (JSR)
LITIGATION                                 :
                                           :
                                           :
------------------------------------------x
PERTAINS TO ALL CASES
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-19-06

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.21)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on January 5, 2006, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. The next status conference will be held as previously scheduled at 4:30 p.m. on Thursday, February 2, 2006.

2. Upon the application of Buchanan Ingersoll PC, and without opposition, the Court approved payment to Buchanan Ingersoll of $175,000 for its fees and expenses in representing first the unofficial and then the Official Committee of Ephedra Claimants in the Twinlabs bankruptcy. The $175,000 shall be paid out of the Plaintiffs' Common Attorney Fee fund held by the Clerk pursuant to Case Management Order No. 7 ¶ 2(a).

3. Upon the application of Official Committee of Unsecured Creditors in the Chapter 11 case of NVE pending in the District of New Jersey, and without opposition, the Court extended the stay of all cases having NVE as a party until the February status

conference to be held on February 2, 2006.

4. At the request of Defendants' Liaison Counsel, the Court confirmed that parties need not answer any motion filed in a case that is stayed or in which litigation is enjoined by a bankruptcy court presiding over the reorganization of a defendant in the case. Any motions filed during such a stay or in violation of such an injunction is deemed a nullity. If such a motion subsequently becomes permissible, the moving party must file a new notice of motion, which may incorporate by reference the supporting papers already filed.

5. TL's motion for summary judgment in *Harrod v. Twin Laboratories Inc.*, No. 04 Civ. 0092, is denied. The issue is whether the record establishes as a matter of law that plaintiffs "discovered, or should have ... discovered with the exercise of due diligence," the facts giving rise to their cause of action prior to October 9, 1999. See FLA. STAT. § 95.031(2)(b). It is true that language in some precedents arguably supports TL's claim that plaintiff, directly or constructively, had received enough hints prior to that date of the possibility that "Ripped Fuel" might be contributing to her heart problem that she should have pursued the issue more diligently. See *Tanner v. Hartog*, 618 So.2d 177, 182 (Fla. 1993); *University of Miami v. Bogorff*, 583 So.2d 1000, 1004 (Fla. 1991). However, the language of *Carter v. Brown & Williamson Tobacco Corp.*, 778 So.2d 932 (Fla.

2000), distinguishing and minimizing such prior cases, convinces the Court that, if this case came before the Florida Supreme Court today, that court would find that accrual outside the limitations period was not established as a matter of law by this record. Since *Carter* is the most recent decision of the Florida Supreme Court on the meaning of "due diligence" in FLA. STAT. § 95.031(2)(b), this Court, sitting in diversity, will follow it in denying summary judgment.

6. Upon plaintiffs' withdrawal at oral argument of their opposition to TL's motion in *Harrod* to exclude the expert testimony of Dr. Leslie Hendeles, the motion is granted as unopposed.

7. Upon TL's request for a ruling that the trial of TL cases due to commence on April 24, 2006 be a general-issues trial including general causation, TL is directed to consult with Plaintiffs Coordinating Counsel (PCC) and Defendants Coordinating Counsel (DCC) about this and other such issues affecting the upcoming trial. TL, the PCC, and the DCC shall report on their consultations at the February status conference and, if possible, bring a joint proposal. The Court reserves decision on TL's request for a joint-issues trial until it has heard the report.

8. Upon the joint proposal of the PCC and DCC pursuant to the last sentence of Case Management Order No. 20 ¶ 7, the table of litigation dates set forth in Case Management Order No. 18 ¶ 6 is amended to read as follows:

|  | Fact Discovery Cut-off and Deadline for Plaintiffs to Serve Case-Specific Expert Disclosures | Deadline for Defendants to Serve Case-Specific Expert Disclosures and for Discovery of Plaintiffs' Case-Specific Experts | Deadline for Discovery of Defendants' Case-Specific Experts | Deadline to File Daubert Motions Regarding Case-Specific Experts |
|---|---|---|---|---|
| **Original MDL and Twinlabs Cases** |  | 11/18/05 | 3/23/06 | 4/10/06 |
| **CTO-1 Cases** | 10/21/2005 | 12/21/2005 | 4/20/2006 | 5/5/2006 |
| **CTO-2 Cases** | 11/18/2005 | 3/23/2006 | 5/24/2006 | 6/9/2006 |
| **CTO-3 Cases** | 12/21/2005 | 4/20/2006 | 6/20/2006 | 7/3/2006 |
| **CTO-4 Cases** | 3/23/2006 | 5/24/2006 | 7/21/2006 | 8/8/2006 |
| **CTO-5 Cases** | 3/30/2006 | 5/31/2006 | 7/28/2006 | 8/15/2006 |
| **CTO-6 through CTO-12 Cases** | 4/28/2006 | 6/28/2006 | 8/30/2006 | 9/14/2006 |
| **TL "Subsequent Cases" TL "Converted Cases"** | 5/30/2006 | 7/31/2006 | 9/28/2006 | 10/13/2006 |
| **CTO-13 through CTO-17 Cases** | 6/28/2006 | 8/30/2006 | 10/31/2006 | 11/14/2006 |
| **CTO-18 through CTO-27 Cases SDNY Cases** | 8/30/2006 | 10/31/2006 | 12/31/2006 | 1/15/2007 |
| **Later MDL Cases** | 300 days after "Notice of Transfer" | one year after "Notice of Transfer" | one year and 60 days after "Notice of Transfer" | one year and 74 days after "Notice of Transfer" |

In addition, the deadline for the completion of depositions of corporate defendants Wal-Mart, Vitaquest, NBTY, Herbalife, Muscletech and Rexall (and all principals and affiliated or related entities of those defendants) shall be June 1, 2006. This deadline shall not apply to corporate defendants Metabolife and NVE, which are in bankruptcy, or to their principals and affiliated entities. Any party involved in a case subject to a bankruptcy stay may, at such time as the applicable stay is lifted, apply by e-mail to the Special Master, for good cause shown, for leave to take additional non-duplicative depositions of any such corporate defendant (or its principals or affiliated entities).

    SO ORDERED.

                                                  JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       January 18, 2006