```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
In re: EPHEDRA PRODUCTS LIABILITY         :   04 M.D. 1598 (JSR)
LITIGATION                                :
                                          :
------------------------------------------X
PERTAINS TO ALL CASES
```

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.26)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on May 31, 2006, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. The next status conference will be held as previously scheduled on July 6, 2006 at 4:30 p.m. The status conference previously scheduled for August 3, 2006 has now been rescheduled for August 1, 2006, also at 4:30 p.m.

2. A motion by Randall Smith Esq. to withdraw as plaintiffs' counsel in *Crosby v. Market America Inc.* et al., No. 05 Civ. 1011, was granted by separate order. Plaintiffs' motion to extend discovery deadlines was denied without prejudice to renewal by new counsel or *pro se*.

3. Upon unopposed motions by the plaintiffs, *Cloud v. Goldshield Group*, No. 05 Civ. 6335, and *Pinske v. Goldshield*, No. 05 Civ. 6680, are dismissed without prejudice.

4. The unopposed motion by David M. Higgins, Trustee, for

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-12-06

approval of the Second Amendment to the TL Ephedra Personal Injury Trust Agreement was granted by separate order.

5. The unopposed motion by the debtors in the TL bankruptcy for entry of the proposed Final Decree as of June 1, 2006, was granted by separate order.

6. Upon application of Defendants' Coordinating Counsel (DCC) and with the consent of Plaintiffs' Coordinating Counsel (PCC), parties making case-specific *Daubert* motions shall file a single brief covering all experts challenged in the individual case.  The moving brief shall be limited to 25 pages for one expert plus 15 pages for each additional expert; answering briefs shall be limited to 25 pages for one expert plus 20 pages for each additional expert; reply briefs shall be limited to 10 pages for one expert plus 5 pages for each additional expert.  All case-specific *Daubert* motions, regardless of the expert's subject matter, shall be made at the dates set forth in the applicable Case Management Order.

7. Upon the motion of the Canadian Monitor and the Committee of Unsecured Creditors in the Muscletech bankruptcy, the stay of all cases involving Muscletech products was extended to August 11, 2006, to coincide with the extension issued by the Ontario Superior Court, which is overseeing Muscletech's Canadian bankruptcy proceeding.

8. Without objection, the Court approved the request of

Carmen Reese, mediator in the NVE Bankruptcy, that she be provided on a confidential basis with the written settlement histories that are provided to the mediators in the Muscletech and Metabolife bankruptcies.

9. At a closed hearing with plaintiff's counsel only, the Court found that plaintiff's attorneys' fees in *Michalowski v. Twin Laboratories, Inc.*, No. 04 Civ. 1352, are reasonable.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 9, 2006