USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-4-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
In re: EPHEDRA PRODUCTS LIABILITY         :    04 M.D. 1598 (JSR)
LITIGATION                                :
                                          :    MEMORANDUM ORDER
                                          :
------------------------------------------X
PERTAINS TO ALL CASES and in particular to
*Matheny v. Body Dynamics Inc.* et al.,
No. 04 Civ. 8556


JED S. RAKOFF, U.S.D.J.

　　The motion of the defendants in *Matheny v. Body Dynamics Inc.* et al., No. 04 Civ. 8556, to strike the report of plaintiff's case-specific pharmacologist, Dr. Bill Gurley Ph.D., is granted. The remainder of the motion, to strike plaintiff's case-specific physician, Dr. Ishak A. Mansi, is granted in part and denied in part. This Memorandum Order pertains to all cases in the Ephedra MDL because its principles shall apply wherever comparable issues arise.

　　Prior orders of the Court allocated the subject matter of expert testimony between "generic experts" designated for all cases by the Plaintiffs' Coordinating Counsel ("PCC") and "case-specific experts" designated by counsel for individual plaintiffs. *See* Case Management Orders No. 1 § XIV; No. 11 ¶ 5; No. 18 ¶ 8; Order of February 28, 1006, in *Smoot v. AST Sports Science Inc.*, No. 04 Civ. 5482 ("*Smoot* Order"). Here, most of the opinions in the two reports challenged by defendants are

1

clearly barred by the Court's prior ruling that case-specific experts "may not offer new or additional testimony about the inherent properties of ephedra, such as its alleged capacity to cause injury," because such testimony is the exclusive domain of the PCC's generic experts. *Smoot* Order at 2 ¶ FIRST.[1]

Thus, in the trial of an individual case after remand, testimony about the inherent properties of ephedra, including its alleged capacity to cause injury, may be given in the plaintiff's case-in-chief only by a generic expert previously proffered by the PCC and only to the extent that such opinions were previously disclosed in a report by that expert that complies with the orders of the Court relating to that report. If such testimony is given by such a generic expert at the trial, any case-specific expert called at the trial may not independently opine on the same issues, nor adopt those opinions as his own, but may treat such opinions as a foundation for his case-specific testimony, applying the generic expert's opinions to the specific case in question.

Applying these principles here, Dr. Gurley's own opinion

---

[1] The Court itself, however, inadvertently misstated this rule, in passing, at oral argument on the instant matter. *See* transcript, September 16, 2006, at 53 ll. 21-25 and 54, l. 1. These misstatements are hereby withdrawn as inaccurate. The correct view was previously stated by the Court, not only in the *Smoot* Order, but in Case Management Order No. 18 ¶ 8 and in the statements made at the October 6, 2005 status conference. *See* transcript, October 6, 2005, at 23-38.

2

that ephedra was "a significant contributing factor to Mr. Matheny's hyperthermic event" is proffered as his own opinion rather than as the opinion of a PCC generic expert whom plaintiff intends to call at trial. Such testimony is inadmissible.

In a separate dispute, plaintiff argues that Dr. Gurley's testimony about "labeling" should be admissible, since the Court previously left open the possibility of treating labeling testimony as case-specific (depending on how many cases present a dispute about the same label). Case-specific or not, however, Dr. Gurley's testimony about labels must be stricken for two other reasons. First, Dr. Gurley does not even attempt to qualify himself as an expert on labeling. Second, the testimony he offers is not of the kind the Court was permitting when it left open the possibility of labeling testimony by case-specific experts, *viz*, whether a specific label was drafted and designed to communicate adequately to the consumer any necessary warnings. Instead, Dr. Gurley uses the text of labels as a pretext for opining about what the defendants "knew or should have known" about the dangers of ephedra — not a proper subject of expert testimony at all.

Accordingly, Dr. Gurley's report is hereby stricken in its entirety.[2]

---

[2] Although Dr. Gurley's opinion regarding the concentration of ephedra found in the decedent at autopsy (Report ¶ 2 at [unnumbered] 6-7) is inadmissible in plaintiff's case-in-chief

As for Dr. Mansi, pages 2 and 3 of his report are stricken for the same reasons discussed at the outset above (*i.e.* that they discuss the inherent properties of ephedra, subject matter that is reserved to the PCC's experts), *except* for the following: "In my opinion, Mr. Matheny's hyperthermic state resulted from ... Prolonged seizures (as per medical services' report). Prolonged seizures are known to cause hypothermia [footnote]."

Plaintiff must serve, within 20 days hereof, a revised report by Dr. Mansi consistent with this and other orders of the Court, failing which Dr. Mansi will not be permitted to testify at plaintiff's trial. Dr. Gurley will not be permitted to testify at all, except to the extent called as a rebuttal witness for the limited purpose set forth in footnote 2, *supra*.

SO ORDERED.

/s/ Jed S. Rakoff
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       October 3, 2006

---

because it opines about the inherent properties of ephedra, it will not be barred on those grounds if offered in rebuttal to any expert testimony offered by defendants opining that Mr. Matheny exceeded the recommended dose.