USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-4-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
In re: EPHEDRA PRODUCTS LIABILITY        :    04 M.D. 1598 (JSR)
LITIGATION                               :
                                         :
-----------------------------------------X
PERTAINS TO ALL CASES


        STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.29)


JED S. RAKOFF, U.S.D.J.

     At the monthly status conference held on September 14, 2006,

the Court made the following rulings, which are hereby confirmed

(and in some instances modified and supplemented) as follows:

     1. The next status conference will be held as previously

announced at 4:30 pm on Thursday, October 5, 2006.

     2. Upon the application of the Official Committee of

Unsecured Creditors in the Metabolife bankruptcy, and without

objection from any party appearing at the status conference, the

stay of all cases involving Metabolife products was extended

until the October status conference.

     3. At the request of the Canadian Monitor in the Muscletech

bankruptcy, and without objection, the stay of all cases

involving Muscletech products was extended until the November

status conference.

     4. In connection with the motion of the Special Mediation

Committee for the Twinlabs 2002-2004 Cases for reimbursement of

approximately $123,000 in expenses from the Ephedra Plaintiffs'
Common Expense Fund held by the Clerk of the Court pursuant to
the 6% assessment established by Case Management Orders No. 7 ¶ 2
and No. 17 ¶ 3, the Court, following careful review of the
underlying expenses, concluded that many of the expenses were
patently excessive and unreasonable.  Upon being so apprised, the
Committee asked to withdraw its motion, which was permitted.  Any
renewed request by the Committee for the period in question, and
any future requests by any party for approval of hotel, food, and
travel expenses and the like, must be reasonable and, where
applicable, must not exceed the following limits.  Hotel bills:
$200 per night *exclusive* of tax and tips.  Meals:  $100 per day
*inclusive* of tax and tips.  Airfare:  coach class only.
Furthermore, no charge of any amount will be approved unless it
is supported by particularized documentation; for example, no
hotel charge will be reimbursed unless accompanied by an itemized
bill from the hotel in question showing the daily room rate and
all other charges for which reimbursement is sought.

     5. Upon the request of all parties in *Smoot v. AST Sports
Science Inc.*, No. 04 Civ. 5482, all MDL proceedings in that case
were stayed until the November status conference.

     6. The portion of the motion by defendants in *Matheny v.
Body Dynamics Inc.* et al., No. 04 Civ. 8556, to strike the report
of plaintiff's case-specific pharmacologist, Dr. Bill Gurley

Ph.D., was granted, and the remainder of the matter, to strike

the report of the plaintiff's case-specific physician, Dr. Ishak

A. Mansi, was granted in part and denied in part, by separate

Memorandum Order filed today that also sets forth some general

principles of relevance to all the cases herein.

     SO ORDERED.

                                    _____

                                 JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       October 3, 2006

3