```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
In re: EPHEDRA PRODUCTS LIABILITY   :    04 M.D. 1598 (JSR)
LITIGATION                          :
                                    :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-17-06

PERTAINS TO ALL CASES

<u>STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.31)</u>

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on November 2, 2006, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. The next status conference will be held as previously announced at 4:30 pm on <u>Thursday, December 7, 2006</u>.

2. At the request of the Official Committee of Unsecured Creditors in the Metabolife bankruptcy and without objection by any party appearing, the stay of all uninsured and under-insured cases involving Metabolife's ephedra products is extended until February 16, 2007. As for the fully-insured cases involving Metabolife ephedra products, a final stay is granted until December 15, 2006. No further application for a stay of the fully-insured will be permitted, and at the December status conference, the Plaintiffs' Coordinating Counsel ("PCC") and counsel for Metabolife's insurers shall submit (jointly, if possible) a proposed schedule to speedily complete discovery and

pretrial motion practice as to those cases prior to remand to the transferor courts for trial.

3. As proposed by Defendants' Coordinating Counsel ("DCC"), the allocation among defendants for the fourth quarter of 2006 for 50% of the Special Master's fees and for the fees and expenses of Defendants' Liaison Counsel was approved as follows:

| Defendant | Allocable Percentage |
|---|---|
| BDI Pharmaceuticals/Body Dynamics Inc. | 3.00 |
| The Chemins Co., Inc. | 22.00 |
| CVS | 2.00 |
| GNC Corp. and affiliates | 12.25 |
| Herbalife International, Inc. and Herbalife International of America, Inc. | 2.00 |
| MuscleTech Research | 10.00 |
| NBTY | 1.50 |
| RS OLDCO, Inc. (f/k/a Rexall Sundown, Inc.) and RL OLDCO, Inc. (f/k/a Richardson Labs, Inc.), Nutrition USA, and affiliates | 3.00 |
| Vitaquest International, Inc. | 4.00 |
| Walgreen Co. | 10.75 |
| Wal-Mart Corp. | 29.50 |
| TOTAL | 100.00 |

4. At the request of the mediator, the debtor and the creditors' committee in the NVE bankruptcy and without opposition by any party appearing, the Court extended the stay of all cases involving NVE products to November 16, 2006, with the proviso

that the stay would be further extended only if the Special Master was informed by November 16, 2006 that a global settlement had been reached at least orally and would be promptly reduced to a signed writing.  On November 16, 2006, the Special Master received an email from the mediator stating that all parties involved in the NVE cases save one, a manufacturer with four claims pending against it in the NVE bankruptcy, had reached agreement on the principles of a settlement and were drafting a memorandum of understanding reflecting same.  This is sufficient to warrant extending the stay through the next status conference on December 7, 2006, at which time the matter will be further considered.

    5. Plaintiff's motion in *Sepulvado v. NVE Pharmaceuticals*, No. 04 Civ. 4241, for leave to amend the complaints in order to add additional defendants was granted.  Motions to amend the complaints in *Luttrell v. NVE Inc.*, No. 05 Civ. 4696, and *Wojnowski v. NVE Inc.*, No. 05 Civ. 4695, were continued until the December status conference.

    6. At the request of the Canadian monitor in the Muscletech bankruptcy and without opposition from any party appearing, the stay of all cases involving Muscletech ephedra products was extended to February 1, 2007.

    7. Upon the request of the Canadian Claims Officer (made through counsel for GN Oldco) for clarification about whether

this Court's *Daubert* Opinion and Order would apply to the three ephedra cases currently before the Claims Officer if they were to be tried in this Court, the Court answered that the *Daubert* Opinion and Order would apply. The Court expressed no view about the effect of the *Daubert* Opinion in proceedings before the Claims Officer. At the request of the Special Master for a clarification about whether the 6% assessment established by Case Management Order No. 7 ¶ 2(c) and the contingency fee provisions of ¶ 2(d) apply to the three cases, the Court ruled that Case Management Order No. 7 presumptively applies, but that this presumption is without prejudice to an application by plaintiff or plaintiff's counsel in any of the three cases for an exception based on circumstances of the specific case.

8. Herbalife's motion and plaintiff's cross-motion to exclude expert opinions in *Parks v. Herbalife*, No. 04 Civ. 9358, were continued until after a *Daubert* hearing of plaintiff's cardiologist, Ralph Lazzara, M.D., to be held at 2 pm on November 30, 2006, at which time the Court will also hear oral argument on plaintiff's cross-motion. The Court will determine after the November 30 hearing whether it requires testimony from the plaintiff's pharmacologist, Thomas L. Whitsett, M.D.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       November 17, 2006

4