USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-26-06

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In re: EPHEDRA PRODUCTS LIABILITY   :    04 M.D. 1598 (JSR)
LITIGATION                          :
                                    :
------------------------------------x
PERTAINS TO ALL CASES
```

STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO. 32)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on December 7, 2006, the Court made the following rulings, which are hereby confirmed (and in some instances modified and supplemented) as follows:

1. There will be no status conference in January. The next status conference will be held at 4:30 pm on <u>Thursday, February 1, 2007</u>.

2. The motion by TL to dismiss with prejudice *Marks v. General Nutrition Corporation*, No. 04 Civ. 6845, was granted as unopposed.

3. The motion by NVE to dismiss with prejudice the following cases was granted as unopposed: *Cheeks v. NVE Pharmaceuticals et al.*, No. 06 Civ. --; *Childers v. Rexall Sundown, Inc., et al.*, No. 06 Civ. --; *Fontenot v. Metabolife International, Inc., et al.*, No. 06 Civ. 6606; *Gary v. Rexall Sundown, Inc., et al.*, No. 05 Civ. 1016; *Hardin v. N.V.E., Inc., et al.*, No. 06 Civ. --; *Hardy v. Rexall Sundown, Inc., et al.*, No. 04 Civ. 7635; *Kaplan*

*v. NVE Pharmaceuticals, Inc.*, et al., No. 06 Civ. 8231; *Rankin v. NVE, Inc.*, No. 05 Civ. 0417; *Silverman et al. v. N.V.E., Inc.*, et al, No. 04 Civ. 1030; *Weaver v. N.V.E., Inc.*, No. 04 Civ. 8207; *White et al. v. Rexall Sundown, Inc.*, et al., No. 06 Civ. --; and *Wright v. Twin Laboratories, Inc.*, et al., No. 04 Civ. 8953.

4. The motions by plaintiffs to amend the complaints in *Luttrell v. NVE Inc.*, No. 05 Civ. 4696, and *Wojnowski v. NVE Inc.*, No. 05 Civ. 4695, were granted as unopposed.

5. The stay entered by this Court with respect to fully insured cases involving Metabolife products is vacated. Pretrial litigation shall proceed, notwithstanding the mediation planned for those cases, on the following schedule:

| | |
|---|---|
| May 7, 2007 | Completion of fact discovery; last day for plaintiffs to serve case-specific expert disclosures and specify three dates between May 14 and June 6 when each expert will be available for deposition |
| May 14, 2007 | Last day for defendants to serve case-specific expert disclosures and specify three dates between May 21 and June 13 when each expert will be available for deposition |
| May 25, 2007 | Last day for defendants to file motions for summary judgment based on the statute of limitations and/or product identification |
| June 6, 2007 | Last day for depositions of plaintiffs' case-specific experts |
| June 8, 2007 | Last day for plaintiffs to file answering papers to any pending summary-judgment motions |

| | |
|---|---|
| June 13, 2007 | Last day for depositions of defendants' case-specific experts |
| June 15, 2007 | Last day for defendants to file reply papers, if any, in support of pending summary-judgment motions |
| July 2, 2007 | For cases where no summary-judgment motion has been filed on limitations or product identification, last day for *Daubert* motions and other summary-judgment motions. Otherwise, the last day will be 14 days after the Court's decision. Answering papers shall be served within 14 days after service of the motions, and reply papers, if any, within seven days after answering papers. |

6. This Court's stay with respect to cases involving NVE products is vacated for the three cases having Body Dynamics Inc. as a defendant, except that the stay shall remain in effect for all claims against Petrotex Fuels, Inc. in *Wilburn v. NVE Inc.*, No. 06 Civ. 13046 that relate to NVE products. The three cases shall follow the litigation schedule ordered for Metabolife fully insured cases. For all other cases involving NVE products, the stay is continued until the February status conference.

7. A dispute having arisen over whether the 6% assessment and court review of contingency fees for reasonableness established by Case Management Order No. 7 ("CMO#7") should apply to cases that settled near the time of their transfer to this Court, Plaintiffs' Coordinating Counsel ("PCC") proposed that CMO#7 apply to such cases except where the plaintiff had signed a settlement agreement before the date of the first entry in the

3

individual docket opened in this district. The Special Master is authorized to follow the PCC's proposed rule except where a party notifies him of an objection, in which case he shall refer the objection to the Court. Accordingly, the case of *Cate v. MII Liquidation, Inc.*, No. 06 Civ. 4508, is exempted from CMO#7. The case of *Broadus v. MII Liquidation*, No. 06 Civ. 4507, would not be exempt under the PCC's proposed rule, and counsel for plaintiff, Jeff Rickard Esq., has communicated an objection to the Special Master. Mr. Rickard is directed to appear at the February status conference to argue his objection and, if CMO#7 is held to apply, to make any application he may have with respect to his contingency fee.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 22, 2006